**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JORGE LUIS DIAZ-ACOSTA, #43534-051,** **Movant,** | ' | |
| | ' | |
| **v.** | ' | **3:26-CV-1991-E** |
| | ' | **(3:20-CR-00511-E-1)** |
| **UNITED STATES OF AMERICA,** **Respondent.** | ' | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is movant Jorge Luis Diaz-Acosta's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Civ. Doc. 1. For the following reasons, the motion is **DENIED WITH PREJUDICE** as untimely.

**Background**

Movant plead guilty to one count of illegal reentry after removal from the United States, and, on January 21, 2022, the Court entered judgment, sentencing him to one-hundred and ten months' imprisonment. *See* Crim. Doc. 41. Movant appealed, and, on August 17, 2022, the Fifth Circuit dismissed his appeal as frivolous. Crim. Doc. 53. Movant did not petition for a writ of certiorari with the United States Supreme Court.

On June 8, 2026, nearly four years after the Fifth Circuit dismissed his appeal, Movant filed his § 2255 motion. Civ. Doc. 1. Movant alleges that his Sentencing Guideline range was incorrectly calculated and that his sentence was "[t]oo harsh." *See generally id.* He also appears to seek a reduced sentence under Sentencing Guideline Amendment 821. *Id.* at 12.

Because Movant filed his § 2255 motion years after his appeal was dismissed, the Court issued an order requiring him to explain why the § 2255 motion is not barred by the one-year statute of limitations. Civ. Doc. 4. Movant filed a response that does not address the timeliness of

his motion and instead argues that his sentence should be reduced under Sentencing Guideline Amendment 821. Doc. 5.

**Legal Standards and Analysis**

28 U.S.C. ' 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Movant does not argue that he was impeded from filing his § 2255 motion by unlawful government action, that his motion involves a right newly recognized by the Supreme Court and made retroactive to cases on collateral review, or that the factual basis supporting his claims could not have been discovered at the time his judgment became final. Thus, § 2255(f)(1) supplies the accrual date, and the limitations period started to run when Movant's judgment of conviction became final.

Movant's appeal to the Fifth Circuit was dismissed on August 17, 2022, and he did not seek a writ of certiorari from the United States Supreme Court within the ninety-day period for doing do. *See*, *e.g.*, *United States v. Randall*, 2017 WL 9805034, at 1, n.2 (W.D. Tex. June 12, 2017). Thus, Movant's conviction became final on November 17, 2022, and he had one-year from

that date to file his § 2255 motion. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). But Movant did not place his § 2255 motion into the prison mailing system for filing until June 8, 2026. Civ. Doc. 1 at 12. His motion is therefore untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling applies "principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant also bears the burden of showing entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).

Movant is not entitled to equitable tolling. He argues that his ignorance of the law—particularly, retroactive amendments to the Sentencing Guidelines—entitles him to equitable tolling. But this is inaccurate. Ignorance of the law does not establish equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Further, a request for a modification of an imposed term of imprisonment based on a sentencing range that has since been lowered by the Sentencing Commission is not cognizable in a motion to vacate and should be raised in a motion under 18 U.S.C. § 3582(c)(2) instead.

**Conclusion**

For these reasons, Movant Jorge Luis Diaz-Acosta's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE**.

SO ORDERED this 18th day of September, 2026.

REED O'CONNOR
CHIEF UNITED STATES DISTRICT JUDGE